70 162
88 503
70 162
92 52

STEPHEN W. TOWNSEND, administrator, *vs.* WILLIAM H. LIBBEY.

Kennebec.　Opinion July 22, 1879.

*Officer,—liability of.　Trustee,—default of.*

When an officer, ordered to attach real estate, neglects to do so, and it is conveyed by the debtor before judgment on the action, he is liable for official neglect, although the execution was not placed in the hands of an officer within thirty days from the rendition of judgment.

If, in such case, there was real estate of the debtor remaining on which a levy might have been, but was not made, the value of such real estate should be allowed in reduction of damages.

The judgment against a trustee on default only makes out a *prima facie* case of indebtedness, which may be disproved on *scire facias.*

ON REPORT from the superior court of the county of Kennebec.

CASE against the sheriff of the county of Kennebec, to recover damages for an alleged neglect of one of his deputies to attach real estate as directed in a writ in behalf of the plaintiff against one Benjamin Haines as principal defendant, and the city of Gardiner as his trustee.

The material facts sufficiently appear in the opinion.

The law court, by agreement of parties, were to render judgment upon the facts and law applicable thereto.

*H. S. Webster,* for the plaintiff.

*L. Clay,* for the defendant, cited *Todd* v. *Darling,* 11 Maine, 34.　*Crockett* v. *Ross,* 5 Maine, 443, 445.　*Boynton* v. *Flye,* 12 Maine, 17.　*Pearson* v. *Tincker,* 36 Maine, 384–388.　*Abbott* v. *Jacobs,* 49 Maine, 319.

APPLETON, C. J.　This is an action against the sheriff of Kennebec county, to recover damages for an alleged neglect of one of his deputies to attach real estate.

The plaintiff sued out a writ of attachment, dated October 1, 1877, against Benjamin Haines, and the city of Gardiner as his trustee.　The writ was served by the deputy to whom it was delivered by serving the trustee with a copy and reading the same to the principal defendant.　The action was entered at the next March term at which it was returnable, and judgment by default

was rendered against the principal and trustee, and an execution was issued thereon April 2, 1878.

The deputy to whom the writ was delivered for service was ordered to attach real estate, which he failed to do. The damages for this neglect the plaintiff seeks to recover in this action.

At the time of the attachment the defendant was the owner of real estate, the principal part of which he conveyed away shortly after the date of the plaintiff's writ and before the recovery of judgment.

The evidence conclusively shows official neglect on the part of the deputy. The officer was liable if judgment was rendered for the plaintiff, and at the time of its rendition, and while it was in force, there was no real or other estate upon which a levy could be made.

It is urged in defense that the plaintiff should not recover, because the execution was not placed in the hands of an officer within thirty days after the rendition of judgment. But if this debtor had conveyed away all his property so that there was none on which a levy could be made, the delivery of the execution into the hands of an officer would have been an idle and useless ceremony. *Abbott* v. *Jacobs,* 49 Maine, 319.

If there had been no intervening conveyance or attachment of the debtor's property, it is obvious that the plaintiff would not have been harmed by the officer's neglect to return an attachment. So far as there was real estate upon which a levy could have been made, it was the duty of the plaintiff to levy on the same. So far as there was real estate, it was the neglect of the plaintiff that he did not levy on it, and for this neglect the defendant and his deputy should not suffer. An allowance of seventy-five dollars in reduction of damages should be made for the value of the real estate remaining in the debtor's hands, which might have been seized on execution had it been seasonably delivered to the officer.

The plaintiff obtained judgment against the trustee by default. This makes out a *prima facie* case of indebtedness. The judgment is for the goods of the debtor in the hands of the trustee. But this judgment is not conclusive between the parties. It is not final. On *scire facias,* the trustee may disclose further, and

a judgment in that suit on disclosure or by default would be binding on him. R. S., c. 86, §§ 65–71. No deduction should be made for the supposed funds in the hands of the trustee, for the evidence shows that there were not any which could have been secured in case of a seasonable demand on the execution.

> *Defendant defaulted. Judgment for*
> *the original judgment against*
> *Haines, less $75.00.*

WALTON, BARROWS, DANFORTH, LIBBEY and SYMONDS, JJ., concurred.